UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMES BOWDEN,

          Plaintiff,

v.

          Case No. 1:07-cv-938

          Hon. Wendell A. Miles

STANLEY LATRELLE, DAVID MORSE,
PAMELA J. MAAS, and MARY BERGHUIS,

          Defendants.
                                                  /

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

      Plaintiff Robert James Bowden, a prisoner within the custody of the Michigan Department of Corrections, filed this § 1983 action without benefit of counsel, alleging that the judge and prosecutors involved in his state court conviction are not legally licensed in the State of Michigan to practice law. United States Magistrate Judge Hugh W. Brenneman submitted a Report and Recommendation (R&R) recommending that the complaint be dismissed for failure to state a claim. Plaintiff has filed a response to the R&R.

      Magistrate Judge Brenneman correctly concluded that Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87 (footnote omitted).  The holding in Heck has been extended to actions seeking injunctive or declaratory relief.  See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997) (declaratory relief); Clarke v. Stalder, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages) Plaintiff's allegations clearly call into question the validity of his conviction.  Therefore, his action is barred under Heck until his criminal conviction has been invalidated.  In his response to the R & R, Plaintiff concedes that his complaint is barred by Heck.

Nonetheless, Plaintiff asks the court to refund his filing fee and refrain from counting this action as a strike for purposes of 28 U.S.C. § 1915(g).  Although liberal construction requires broad interpretation of the filings of a pro se litigant, Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985), there are limits. The liberal pleading standard applies only to a plaintiff's factual allegations.  Neitzke v. Williams, 490 U.S. 319, 330 (1989). The court may not construe Plaintiff's § 1983 complaint as a petition for habeas relief  See Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004), nor has it found any statutory authority for the refund of a filing fee on the ground that an action is dismissed, or filed under an inappropriate ground. See, e.g., Bell v. Clark, 194 F.3d 781, 782 (7th Cir. 1999) (finding that there is no grounds for refunding a filing fee where a plaintiff is dissatisfied with the outcome of his case).  If plaintiff wishes to pursue habeas relief, he may do so by filing a separate petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the Rules Governing Habeas Corpus Actions in the United States District Courts.  The court notes that before a party may seek habeas relief in the federal court, he must exhaust his available state remedies.  28 U.S.C. § 2254(b)(1)(A).  To satisfy this exhaustion

requirement, a party's "claim must be fairly presented to the state courts before seeking relief in the federal court."  <u>Whiting v. Burt</u>, 395 F.3d 602, 612 (6th Cir. 2005).

<u>Conclusion</u>

For the reasons discussed above, the court finds that the Magistrate Judge's findings, conclusions and recommendations are correct.  Accordingly, the court ADOPTS the Magistrate Judge's Report and Recommendation (docket #6), and DISMISSES the complaint for failure to state a claim.

So ordered this 28th day of January, 2008.

                                          /s/ Wendell A. Miles
                                          Wendell A. Miles
                                          Senior U.S. District Judge